McGREGOR W. SCOTT
United States Attorney

JUSTIN S. KIM
G. PATRICK JENNINGS
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 307-0097
Facsimile:  (202) 307-0054
justin.s.kim@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Civil No. 2:06-cv-00421-GEB-DAD |
| Plaintiff, ) | |
| ) | |
| v. ) | **FINDINGS AND RECOMMENDATIONS** |
| ) | |
| LESLIE JOHN HOLLINGSHEAD, ) | |
| Defendant. ) | |
| ) | |

Plaintiff's motion for summary judgment came before the Court for hearing June 9, 2006.  G. Patrick Jennings, Trial Attorney, Tax Division, United States Department of Justice, appeared for the United States.  Defendant Leslie John Hollingshead did not appear. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

## I.    BACKGROUND

On August 1, 2005, Defendant Hollingshead filed with the Secretary of State of the State of California a UCC Financing Statement, Document Number 057036238084, ("UCC Financing Statement") describing as debtors Revenue Officer Dayna McGrady and Mark W. Everson, Commissioner of the Internal Revenue Service.  The UCC Financing Statement stated:

//////

1

2

3

       The Debtors have consented to this Admiralty Maritime lien filing in the International Commercial Claim Within the Admiralty Administrative Remedy Judgment by Estoppel Agreement/Contract File # LJH03142005, Registered # RA 705 126 642 US, perfected on June 27, 2005 in the accounting and True Bill Amount of $47,643,078.24.

4

       All personal and real property; bank accounts, foreign and domestic; private exemptions; government risk management accounts; insurance policies; stocks and bonds; asset accounts; investments and future earnings of the Debtors, is now property of the Secured Party.

5

6

(Declaration of Justin S. Kim ("Kim Decl."), Ex. 1.)

7

       On February 28, 2006, the United States filed this action seeking declaratory relief that the UCC

8

Financing Statement filed by Defendant Hollingshead is null, void and of no legal effect and for

9

permanent injunctions enjoining him from filing any further documents which purport to create a

10

non-consensual lien or encumbrance against the person or property of any government employee.

11

Defendant Hollingshead was served on March 22, 2006, and filed an answer on April 10, 2006.  (Docket

12

Nos. 7, 9.)  In his answer, Defendant Hollingshead argues that this Court lacks personal jurisdiction over

13

him in this action.  The United States filed its motion for summary judgment on May 9, 2006, which was

14

properly served on Defendant Hollingshead.  (Docket No. 10.)  Defendant Hollingshead did not file an

15

opposition.

16

**II.    JURISDICTION AND LEGAL STANDARD**

17

       This Court has jurisdiction under 28 U.S.C. § 1345 and 26 U.S.C. § 7402(a).  Summary judgment

18

is appropriate when it is demonstrated by a party that "there is no genuine issue as to any material fact

19

and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party

20

may seek summary judgment on all or any part of another party's claims.  *Id.*  The moving party

21

      always bears the initial responsibility of informing the district court of the basis for its

22

      motion, and identifying those portions of "the pleadings, depositions, answers to

23

      interrogatories, and admissions on file, together with the affidavits, if any," which it

24

      believes demonstrate the absence of a genuine issue of material fact.

25

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

26

nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion

27

28

                              - 2 -              Findings and Recommendations

1  may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and

2  admissions on file.'" *Id.*

3         Summary judgment should be entered, after adequate time for discovery and upon motion, against

4  a party who fails to make a showing sufficient to establish the existence of an element essential to that

5  party's case and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete

6  failure of proof concerning an essential element of the nonmoving party's case necessarily renders all

7  other facts immaterial." *Id.* Summary judgment should be granted "so long as whatever is before the

8  district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is

9  satisfied." *Id.* at 323.

10        If the moving party meets its initial responsibility, the burden shifts to the opposing party to

11  establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith*

12  *Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute,

13  the opposing party may not rely upon the allegations or denials of his pleadings but is required to tender

14  evidence of specific facts in the form of affidavits or admissible discovery material in support of the

15  contention that a dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11. The party

16  opposing summary judgment must show that any fact in contention is material, i.e., a fact that might

17  affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence

18  is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby,*

19  *Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626,

20  630 (9th Cir. 1987); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

21        In trying to establish the existence of a factual dispute, the party opposing summary judgment

22  need not establish a material issue of fact conclusively in his or her favor. It is sufficient that "the

23  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the

24  truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce

25  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

26  *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963

27  amendments).

28                                      - 3 -                    Findings and Recommendations

1     The evidence of the party opposing summary judgment is to be believed, and all reasonable

2   inferences that may be drawn from the facts placed before the court must be drawn in favor of the party

3   opposing summary judgment.  *Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587.  Inferences will

4   not be drawn out of the air, however; it is the opposing party's obligation to produce a factual predicate

5   from which an inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45

6   (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).  The opposing party "must do more than

7   simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

8   as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine

9   issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).

10  ## III.    UNCONTROVERTED FACTS

11     1.     On August 1, 2005, Leslie John Hollingshead filed with the Secretary of State of the State

12  of California a UCC Financing Statement, Document Number 057036238084, falsely describing as

13  debtors Revenue Officer Dayna McGrady and Mark W. Everson, Commissioner of the Internal Revenue

14  Service.  (*See* Declaration of Dayna McGrady ("McGrady Decl.") ¶¶ 6-7; Kim Decl., Ex. 1.)

15     2.     At all times pertinent to this action, Mark W. Everson was the Commissioner of the

16  Internal Revenue Service, and Dayna McGrady was an employee of the Internal Revenue Service.

17  (McGrady Decl. ¶¶ 1-2, 4.)

18     3.     Revenue Officer McGrady and Commissioner Everson are not personally acquainted with

19  Defendant Hollingshead and have had no contact or relationship with him outside the scope of their

20  employment.  (*See* McGrady Decl. ¶¶ 2-4.)  They have not engaged in any contract or personal

21  transaction with Defendant Hollingshead and do not owe money to Hollingshead.  (*Id.*)  They have not

22  consented to the filing of any liens by Defendant Hollingshead, and there is no legitimate reason for

23  Defendant Hollingshead to impose liens on the personal property of them.  (*See id.* ¶¶ 6-7.)

24     4.     Revenue Officer McGrady is aware of the false UCC Financing Statement that Defendant

25  Hollingshead filed against her with the California Secretary of State.   The document has caused her to

26  experience distress and anxiety, raising concerns that the false UCC Financing Statement may have a

27  negative impact on her permanent credit record.  (*Id.*)

28                                           - 4 -              Findings and Recommendations

1    IV.    ANALYSIS

2            A.    Personal Jurisdiction

3            Defendant Hollingshead, a citizen of Arizona, maintains that this Court lacks personal jurisdiction

4    over him in this action.  The United States argues that this Court may nevertheless exercise "specific"

5    jurisdiction over a nonresident defendant where the following elements are satisfied:

6            (1)  The non-resident defendant must purposefully direct his activities or consummate

7            some transaction with the forum or resident thereof; or perform some act by which he

8            purposefully avails himself of the privilege of conducting activities in the forum, thereby

9            invoking the benefits and protections of its laws;

10           (2)  the claim must be one which arises out of or relates to the defendant's forum-related

11           activities; and

12           (3)  the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it

13           must be reasonable.

14   (U.S. Mem. at 3 (citing *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199,

15   1205-06 (9th Cir. 2006)).)   The Court finds that the United States has established the requirements for

16   specific jurisdiction over Defendant Hollingshead.  Defendant Hollingshead purposefully availed himself

17   of the privilege of conducting activities in the forum and invoked the benefits and protections of the

18   forum's laws by filing a UCC Financing Statement with the California Secretary of State.  The United

19   States' complaint, which seeks to nullify this UCC Financing Statement and to enjoin Defendant

20   Hollingshead from filing similar baseless liens, arises out of and relates to his forum-related activities.

21   Finally, the exercise of specific jurisdiction over Defendant Hollingshead in this action is reasonable, as

22   he chose to file the UCC Financing Statement with the State of California.  Thus, the Court exercises

23   personal jurisdiction over Defendant Hollingshead.

24           B.    DECLARATORY RELIEF

25           Internal Revenue Code § 7402(a) grants district courts jurisdiction to "render such judgments and

26   decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. §

27   7402(a); *see Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985). The Ninth Circuit has found that §

28                                                      - 5 -                      Findings and Recommendations

7402(a) "empowers the district court to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." *Ryan*, 764 F.2d at 1327; *see also Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985), cert. denied, 476 U.S. 1183 (1986); *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir.1984); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir.1983); *see also United States v. Van Dyke*, 568 F. Supp. 820 (D.Or.1983) (enjoining the filing of common-law liens to harass IRS employees and thereby deter enforcement of the tax laws).

Defendant Hollingshead has provided no evidence demonstrating that the UCC Financing Statement claiming a debt of $47,643,078.24 is based on legitimate debt or law, or controverting the undisputed facts set forth above. Nor has he provided any evidence of a contractual or other legal relationship with Revenue Officer McGrady or Commissioner Everson to establish the validity of the UCC Financing Statement.

The United States has submitted uncontroverted evidence that Revenue Officer McGrady and Commissioner Everson are not personally acquainted with Defendant Hollingshead and have had no contact or relationship with him outside the scope of their employment. Furthermore, the evidence indicates that any interaction they may have had with Defendant Hollingshead was in the course of their official capacity as employees of the United States. They have not engaged in any contract or personal transaction with Defendant Hollingshead and do not owe money to Hollingshead. Thus, there is no legitimate reason for Defendant Hollingshead to impose liens on their personal property.

After carefully reviewing the record, this Court finds that the UCC Financing Statement filed by Defendant Hollingshead is a frivolous device used to harass government employees and to interfere with the proper administration of the internal revenue laws of the United States. Thus, the lien is non-consensual, non-judicial and non-statutory and should be declared null and void. Under I.R.C. § 7402(a), the Court may "void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985). As no genuine issues of material fact exist, the United States' motion for summary judgment should be granted, and the UCC Financing Statement filed against Revenue Officer McGrady and Commissioner Everson is declared null and void.

1    **C.      INJUNCTIVE RELIEF**

2        The United States seeks a permanent injunction against Defendant Hollingshead from filing any

3    document or instrument which purports to create a non-consensual lien or encumbrance of any kind

4    against any employee of the federal government.  Injunctive relief "is available to a party who

5    demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable

6    harm;  or (2) that serious questions are raised and the balance of hardships tips in its favor." *Sammartano*

7    *v. First Judicial District Court*, 303 F.3d 959, 965 (9th Cir. 2002).

8        For the reasons noted above, the United States has demonstrated success on the merits.  In filing

9    the UCC Financing Statement, Defendant Hollingshead also imposes irreparable harm upon the

10   employees of the federal government with whom he quarrels.  False liens potentially cloud title to

11   property owned by the IRS employees and damage their credits ratings.  Moreover, these false liens

12   "threaten substantial interference with the administration and enforcement of the Internal Revenue laws."

13   *See United States v. Hart*, 545 F.Supp. 470, 473 (D.N.D. 1982), aff'd, 701 F.2d 749 (8th Cir. 1983).

14       The IRS employees and the United States will suffer harm if an injunction is not granted.

15   Because these UCC Financing Statement has no factual or legal basis and thus are of no legal effect,

16   Defendant Hollingshead will not be injured by an injunction which enjoins him from filing similar

17   nonconsensual common law liens or encumbrances in the future.  *See In re Martin-Trigona*, 763 F.2d

18   140, 141-42 (2nd Cir. 1985), *cert. denied*, 474 U.S. 1061 (1986).  Thus the balance of hardships tips in

19   the United States' favor.

20       Finally, this court finds that the public interest will be served by an injunction forbidding this

21   harassment in the future, and such an injunction should issue.  Title 26 U.S.C. § 7402 authorizes this

22   court to make such orders as are necessary for the enforcement of the internal revenue laws.  *See United*

23   *States v. Hart*, *supra*; *Ryan* ,764 F.2d at 1327 (noting, with approval, a district court's order enjoining

24   filing of frivolous liens against IRS employees).

25   /////

26   /////

27   /////

28                                            - 7 -                    Findings and Recommendations

**IV.     RECOMMENDATION**

Based upon the foregoing IT IS HEREBY RECOMMENDED that:

1.      The United States' motion for summary judgment be granted and judgment for the United States be entered on all claims.

2.      Any UCC Financing Statement that purports to create a lien or any other non-consensual lien or encumbrance filed by Defendant Hollingshead against the person or property of any IRS employee or others who authorized or performed any act in connection with the assessment or collection of his tax liabilities be declared null and void *ab initio* and declared to have no force and effect.

3.      An order may be filed and recorded by the United States with the California Secretary of State, any county clerk's office, assessor's office, or registrar of deeds in the state of California where such liens have or will be filed by Defendant Hollingshead.

4.      Regardless of nomenclature, caption, title, or terms used to describe the document, Defendant Leslie John Hollingshead should be permanently enjoined from filing, or attempting to file, any document or instrument which purports to create a lien or any other purported non-consensual lien or encumbrance against the person or property of the above named IRS employees or others who authorized or performed any act in connection with the assessment or collection of Defendant Hollingshead's tax liabilities.

Nevertheless, this recommended permanent injunction should not prevent Defendant Hollingshead from applying to any state or federal court of competent jurisdiction in order to obtain relief of any non-frivolous legal claim, and this recommended injunction should not apply to or prohibit liens lawfully created by any judgment of a court of competent jurisdiction.  It is further recommended that willful violation of this order shall be punished by fine or imprisonment, or both.

5.      An order be entered specifically declaring and adjudging that the UCC Financing Statement, Document Number 057036238084, filed by Defendant Hollingshead against Mark W. Everson, Dayna McGrady is null, void and of no legal effect.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with

Findings and Recommendations

these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2006.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Submitted by:

McGREGOR W. SCOTT
United States Attorney

 /s/ Justin S. Kim
JUSTIN S. KIM
G. PATRICK JENNINGS
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 683, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0977
Facsimile: (202) 307-0054

Dad1/orders.civil/hollingshead0421.f&r

- 9 -                                    Findings and Recommendations